C. Craig Woo (SBN 128783)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
wooc@jacksonlewis.com

Attorneys for Defendant
P&L DEVELOPMENT, LLC dba
PL DEVELOPMENTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AVILA,<br><br>                    Plaintiff,<br><br>          v.<br><br>P & L DEVELOPMENT, LLC dba PL DEVELOPMENTS, a limited liability company; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)**<br><br>(Filed concurrently with Declarations of Sophia Sutphen, Melissa Valukis, Peter Napoli and C. Craig Woo; Disclosure Statement; Certificate and Notice of Interested Parties; and Civil Case Cover Sheet) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JESUS AVILA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant P&L DEVELOPMENT, LLC dba PL DEVELOPMENTS ("Defendant") hereby removes to this Court the California state action described below.

1. On December 28, 2017, Plaintiff Jesus Avila ("Plaintiff") filed an action entitled *Jesus Avila v. P&L Development, LLC dba PL Developments* in the Superior Court for the County of Los Angeles, Case No. BC688206 ("Complaint").

2. Plaintiff's Complaint contains the following causes of action: (1) discrimination in violation of Government Code §§12940 et seq.; (2) retaliation in violation of Government Code §§12940 et seq.; (3) failure to prevent discrimination and retaliation in violation of Government Code §12940(k); (4) failure to provide reasonable accommodations in violation of Government Code §§12940, et seq.; (5) failure to engage in a good faith interactive process in violation of Government Code §§12940, et seq.; (6) wrongful termination in violation of public policy; and (7) declaratory judgment.

3. On January 5, 2018, Plaintiff mailed a copy of the Summons, Complaint and other related Court documents to Defendant at Defendant's corporate headquarters located in Westbury, New York. Copies of the Summons, Complaint, other related documents and the envelope which contained the documents which were mailed to Defendant are attached collectively as Exhibit "A."

4. On February 7, 2018, Defendant filed and served its Answer to the Complaint in the Los Angeles County Superior Court. A copy of Defendant's Answer to the Complaint is attached as Exhibit "B."

5. On February 13, 2018, Defendant filed and served its First Amended Answer to the Complaint in the Los Angeles County Superior Court. A copy of Defendant's First Amended Answer to the Complaint is attached as Exhibit "C."

6. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) and (b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.     Defendant is informed and believes Plaintiff was at the time he filed this action and still is a citizen of the state of California as alleged in paragraph 2 of the Complaint.

8.     In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

### DIVERSITY OF CITIZENSHIP

9.     Defendant is a limited liability company which was formed under the laws of the state of Delaware prior to the time Plaintiff filed his Complaint in Los Angeles County Superior Court and the time Defendant removed the action.

10.     Defendant's principal place of business at the time Plaintiff filed his Complaint and at the time Defendant removed the action was in New York.

11.     The headquarters of Defendant is located in Westbury, New York.  The primary executive and administrative functions of Defendant are conducted within the state of New York.  Defendant's Chief Executive Officer, President, Vice President Creative Services, Vice President Infrastructure & Projects, Chief Supply Chain Officer, Chief Accounting Officer, Vice President of Operations, Vice President of Business Development and Vice President of Human Resources have offices in and reside in the state of New York.  Defendant does not have any officers in California or who reside in California.

12.     Defendant's primary administrative, finance, accounting, tax, marketing, information technology, human resources and purchasing departments operate out of Defendant's headquarters in New York.

13.     The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members.  Johnson v. Columbia Properties Anchorage, LP (9th Cir. 2006) 437 F.3d 894, 899.

CASE NO.                                                3       NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
                                                                §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

14.     The sole member of P&L Development, LLC is P&L Development Holdings, LLC, a Delaware limited liability company which was formed in 2013. The primary executive and administrative functions of P&L Development Holdings, LLC are performed in New York at its headquarters located in New York. P&L Development Holdings, LLC is a pass-through entity and does not have any employees or officers. P&L Development Holdings, LLC has four Board members, three of whom reside in New York and one who resides in Arkansas.

15.     The sole member of P&L Development Holdings, LLC is P&L Holding Enterprises, Corp. P&L Holding Enterprises, Corp. is a New York corporation that was formed in 2013. The primary executive and administrative functions of P&L Holding Enterprises, Corp. are performed at its headquarters located in New York. P&L Holding Enterprises, Corp. is a holding company and does not have any employees. All of the officers of P&L Holding Enterprises, Corp. have offices in and reside in the state of New York. P&L Holding Enterprises, Corp. does not have any officers in California or who reside in California.

16.     PL Developments is a dba of P&L Development, LLC. Therefore, PL Developments is not a legal entity and does not have citizenship separate or apart from P&L Development, LLC.

17.     The only other defendants named in Plaintiff's Complaint are merely fictitious parties identified as "Does 1-50" whose citizenship shall be disregarded for the purpose of removal. 28 U.S.C. § 1441(a). ("For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

18.     Therefore, this action is therefore brought between citizens of different states under the definition of 28 U.S.C. §1332.

19.     Defendant is unaware of any other Defendant having been named or served with the Complaint in this action. Accordingly, there are no other named defendants which are required to join Defendant in this Notice of Removal.

20.     For the foregoing reasons, diversity of citizenship has been satisfied.

## AMOUNT IN CONTROVERSY

21.    Although the Complaint does not specify the dollar amount of damages being sought, Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this Court.

22.    Without conceding Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a).  Where a plaintiff's state court Complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum.  Sanchez v. Monumental Life Ins. Co.*,* 102 F.3d 398, 403-404 (9th Cir. 1996).

23.    The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs, for the following reasons.

24.    The Complaint alleges that Plaintiff's employment was terminated for discriminatory reasons, Defendant has violated various provisions of the Fair Employment and Housing Act and Plaintiff has suffered damages.

25.    Plaintiff's prayer for relief seeks lost wages, lost earnings, retirement benefits, other employee benefits, loss of earning capacity, general damages for mental pain and anguish and emotional distress, punitive damages, interest, attorney's fees and costs.  (See Complaint, prayer for relief.)

26.    In determining whether the amount in controversy exceeds $75,000, the court must presume Plaintiff will prevail on every claim alleged.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "Plaintiff prevails on liability") and Angus v. Shiley Inc.*,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

CASE NO.                                                     5    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
                                                                  §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

27.     The amount in controversy may include general and compensatory damages and attorney's fees which are recoverable by statute. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) and Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.  See e.g., Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages).  Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See Galt G/S, supra, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal.  Simmons, supra, 209 F.Supp.2d at 1035.  At the rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours.  Tiffany v. O'Reilly Auto. Stores, Inc., No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour).  Plaintiff's attorney's fees alone will exceed $75,000 if the case proceeds to trial.

28.     Plaintiff's potential economic damages alone exceed the amount of $75,000. Plaintiff was last employed by Defendant August 12, 2016.  Plaintiff's lost wages to date are about 17 months of pay or approximately $34,700.  In addition, two years of future lost wages based on Plaintiff's last annual compensation of $24,500 provides for total lost wages of $83,700.

29.     Therefore, Plaintiff's economic damages alone could exceed $75,000 if Plaintiff prevails at trial.

30.     Punitive damages also are included in calculating the amount in controversy. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963).  See also Aucina v. Amoco Oil Co., 871 F. Supp. 332, 334 (S.D. Iowa 1994).

31.     Taken together, Plaintiff's potential recovery for economic damages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial.  Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## DIVERSITY JURISDICTION

32.     This civil action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§1441 *et seq.* and 1332(a) because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

33.     The notice of removal was filed within thirty (30) days of the effective date of service of January 15, 2018. On January 5, 2018, Plaintiff mailed the summons and complaint from an address in California to Defendant's headquarters in New York. Pursuant to California Code of Civil Procedure section 415.40, service by mail to a person located outside of California is deemed complete on the 10th day after mailing. Therefore, this Notice of Removal is filed within the time period provided by 28 U.S.C. § 1446(b).

34.     No other Defendants who should be considered for removal purposes have been named other than Defendant; therefore, it is not necessary for any other parties to join in this Notice of Removal.

35.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

36.    For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of California for the County of Los Angeles to this Court.

Dated:  February 13, 2018                    JACKSON LEWIS P.C.


                                              By   */s/ C. Craig Woo*
                                                   C. Craig Woo

                                                   Attorneys for Defendant
                                                   P&L DEVELOPMENT, LLC dba
                                                   PL DEVELOPMENTS

4822-4042-7356, v. 1

CASE NO.                              8    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
                                          §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)