```
                                                                 Priority      ____
            UNITED STATES DISTRICT COURT                         Send          ____
            CENTRAL DISTRICT OF CALIFORNIA                       Enter         ____
                                                                 Closed        ____
              CIVIL MINUTES - GENERAL                            JS-5/JS-6     ____
                                                                 Scan Only     ____
```

CASE NO.: **CV 18-01211 SJO (AS)**           DATE: **April 18, 2018**

TITLE:    **Avila v. P and L Development, LLC**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                            Not Present
Courtroom Clerk                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                 Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND** [Docket No. 10]

This matter is before the Court on Plaintiff Jesus Avila's ("Avila" or "Plaintiff") Motion for Order Remanding Action ("Motion") filed on March 20, 2018. Defendant P and L Development, LLC ("Defendant") filed an Opposition ("Opposition") on April 2, 2018, to which Plaintiff replied ("Reply") on April 6, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 23, 2018. *See* Fed R. Civ P. 78(b). The Court will still hold the scheduling conference set for April 23, 2018. For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2017, Plaintiff initiated the instant action again Defendant in the Superior Court for the State of California, County of Los Angeles. (Notice of Removal ("Notice"), Ex. A, Compl. ("Complaint"), ECF No. 1-1.) Defendant filed an Answer to the Complaint on February 7, 2018 in the Los Angeles Superior Court. (Notice, Ex B, Answer.) On February 13, 2018, Defendant filed a First Amended Answer. (Notice, Ex. C, First Am. Answer.) Plaintiff's Complaint alleges the following seven causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code section 12490, *et seq.* ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in a good faith interactive process in violation of Government Code FEHA; (6) wrongful termination in violation of public policy; and (7) declaratory judgment. (*See generally* Compl.)

The Complaint alleges the following. On or about October 1, 2008, Defendant's predecessor, Aaron Industries, Inc. ("Aaron Industries") hired Plaintiff to work as a forklift driver. (Compl. ¶ 16.) In or around late 2013 or early 2014, Defendant acquired Aaron Industries. (Compl. ¶ 16.) In October 2015, Plaintiff suffered an injury to the left side of his face, which limited Plaintiff's ability to work, and therefore constituted a disability. (Compl. ¶ 18.) Plaintiff promptly notified Defendant's human resources representative, Dania Navarro ("Navarro"), of his disability and went

on disability leave, which Plaintiff's doctor extended through October 14, 2016.  (Compl. ¶¶ 19-20.)

On or about August 12, 2016, Defendant terminated Plaintiff, "without any dialogue with Plaintiff."  (Compl. ¶¶ 16-17, 21.)  That same day, Navarro acknowledged receipt of Plaintiff's doctor's note extending his leave until October 14, 2016, and told Plaintiff he was terminated because "someone else would be filling your position; we cannot wait until you get better."  (Compl. ¶ 21.)  Defendant's termination paperwork indicated he was terminated because he "exhausted leave."  (Compl. ¶ 21.)  In a follow-up letter, Navarro stated that Defendant could not accommodate additional time for a leave of absence, "due to [Plaintiff] already reaching [his] maximum time available and because [his] leave of absence has expired."  (Compl. ¶ 21.)  Plaintiff alleges that Defendant discriminated and retaliated against him by wrongfully terminating him for exercising his right to request medical leave to accommodate his disability, and for subsequently requesting an extension of his medical leave.  (Compl. ¶ 22.)

Upon his termination, Plaintiff alleges that, as a result of Defendant's actions, Plaintiff suffered general and special damages; medical expenses; expenses for psychological counseling and treatment; past and future lost wages and benefits, bonuses, commissions, benefits and loss or diminution of earning capacity; and general damages for emotional and mental distress and aggravation.  (Compl. ¶¶ 27-29.)  In his Prayer for Relief, Plaintiff seeks the following monetary damages: (1) compensatory damages, including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; (2) other special damages; (3) general damages for mental pain and anguish and emotion distress and loss of earning capacity; (4) prejudgment interest on each of the foregoing; (5) punitive damages; (6) for cost of suit, attorneys' fees, and expert witness fees; and (7) for post-judgment interest.  (Compl. Prayer for Relief.)

On February 14, 2018, Defendant removed the state action to this Court pursuant to 28 U.S.C. § 1332(a).  (Notice ¶ 8.)  In the instant Motion, Plaintiff seeks to remand the action to the Superior Court for the County of Los Angeles for lack of subject matter jurisdiction because Defendant has not met the amount in controversy requirement.  (*See* Mot. 1, ECF No. 10.)

II.   DISCUSSION

    A.   Legal Standard for Remand

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived.  *See*

*United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002).

An action is removable to federal court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a).  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations and internal quotation marks omitted).

Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship.  28 U.S.C. § 1332(a).  The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' " *Campbell v. Vitran Exp., Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed.R.Civ.P. 8(a). Where the plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S.Ct. at 550.

The preponderance of the evidence standard means the "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996) (emphasis added) (citation omitted).  A defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 374 (9th Cir. 1997).  A court may also consider supplemental evidence later proffered by the removing

defendant, which was not originally included in the removal notice.  *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 840 n. 1 (9th Cir. 2002).

    B.    Analysis

As a preliminary matter, Defendant argues that the Court should deny Plaintiff's Motion because Plaintiff failed to file it within thirty days of the filing of the Notice of Removal on February 14, 2018, pursuant to 28 U.S. Code § 1447(c) ("§ 1447(c)").  (Opp'n 3, ECF No. 13.)  However, § 1447(c) provides that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S. Code § 1447(c) (emphasis added).  Plaintiff's Motion is brought on the basis of lack of subject matter jurisdiction, and is not subject to § 1447(c)'s 30-day deadline.

    1.    Defendant's Basis for Removal

Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  Plaintiff argues that removal was improper because the amount in controversy requirement under 28 U.S.C. § 1332(a) was not met.  (Mot. 1.)

    a.    Lost Wages

Defendant's Vice President of Human Resources, Sophia Sutphen, stated that Plaintiff was paid $11.80/hour, which equates to an annual compensation of approximately $24,500.  (Declaration of Sophia Sutphen in Supp. Notice ("Sutphen Decl. ISO Notice") ¶ 4.)  In its Notice of Removal, Defendant argues that Plaintiff has lost wages in the amount of $34,700, or about seventeen months of pay.  (Notice ¶ 28.)  Defendant contends that an additional two years of future lost wages based on an annual compensation of $24,500 provides for total of $83,700 in lost wages.  (Notice ¶ 28.)  In support of Defendant's Opposition, Sutphen attached a copy of Plaintiff's 2015 W-2 and Earnings Summary to her Declaration showing that Plaintiff earned annual compensation of $29,236.01 at the time of his termination.  (Declaration of Sophia Sutphen in Supp. Motion ("Sutphen Decl. ISO Mot.") ¶ 4.)

Plaintiff argues that the Court should only consider his lost wages from the date of his termination on August 12, 2016, through the date of the Notice of Removal on February 14, 2018, which amounts to $34,700.  (Mot. 8.)  While Defendant suggests that the Court should also include Plaintiff's future lost wages for two additional years, the Court declines to permit Defendant to extrapolate lost wages through an arbitrary future date.  Instead, the weight of authority demonstrates that the relevant time period for calculating Plaintiff's lost wages is the nearly 18-month period between Plaintiff's termination on August 12, 2016, and the filing of the Notice of Removal on February 14, 2018.  *Soto v. Kroger Co.*, No. SACV 12–0780–DOC, 2013 WL 3071267, *3 (C.D. Cal. 2013) ("the guiding principle is to measure amount in controversy at the

time of removal"); *Fortescue v. Ecolab Inc.*, No. CV 14–0253 FMO RZX, 2014 WL 296755, at *2 (C.D. Cal. Jan.28, 2014) ("in determining the amount in controversy, the court declines to project lost wages forward to some hypothetical trial date."); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (limiting amount of lost wages considered in amount in controversy to those accrued at time of removal). Further, the Complaint does not explicitly demand front pay, (*see generally* Compl.), so consideration of lost wages only up to the time of removal is particularly appropriate here. Accordingly, Plaintiff's lost wages are approximately $44,000 ($29,236.01 annual compensation x 1.5 years between Plaintiff's termination and the date of the filing of the Notice of Removal).

      b.    Emotional Distress Damages

While settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1200 (N.D.Cal.1998) (accepting evidence of jury verdicts on analogous punitive damages claims as sufficient to show that the amount in controversy requirement was met). Defendant argues that Plaintiff is seeking at least $75,000 in emotional distress damages because, "[p]laintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000.00 in such damages." (Opp'n 7.) Defendant provides a string cite to cases in support of its proposition, but fails to analogize facts from those cases to the facts of the instant case. Defendant's inclusion of emotional distress damages in its amount in controversy calculation is thus speculative and unsupported.

      c.    Attorney's Fees

In its Notice of Removal, Defendant estimates that Plaintiff's attorney's fees are $250/hour, and contends that Plaintiff's attorney's fees alone will exceed $75,000 if the case proceeds to trial. (Notice 6.) Plaintiff's counsel, Samvel Geshgian, in seeking attorney's fees for preparing the instant Motion, states that he bills at a rate of $450/hour and that the fee for preparing the instant Motion is $4,050. (Declaration of Samvel Geshgian in Supp. Mot. ("Geshgian Decl") ¶ 5.) Plaintiff contends that the only attorney's fees that may be considered as part of the amount in controversy are those incurred as of the date of removal. (Mot. 9.)

"[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). FEHA provides that "in actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney[s]' fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity." Cal. Gov't Code § 12965(b).

Any reasonable calculation of attorney's fees must comport with the preponderance of the evidence standard. *See Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D.Cal.2010). Such calculations should be conservative estimates. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir.2007)."The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344 (C.D.Cal. 2014). Another judge in this district considering a motion to remand FEHA claims reasoned:

> This Court and others have held that a reasonable rate for employment cases is $300 per hour. [Citations.] Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. [Citations.] Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

*Sasso v. Noble Utah Long Beach*, LLC, 2015 WL 898468, at *5 (C.D.Cal. Mar. 3, 2015).

Defendant assumes that prosecuting Plaintiff's seven claims will take Plaintiff's attorney 300 hours (Opp'n 11), but fails to offer a formula or justification for that figure. Instead, the Court takes a conservative approach and estimates that Plaintiff's counsel will take 100 hours to prepare for the instant litigation, totaling attorney's fees of $45,000. As such, attorney's fees would bring the total amount in controversy to over $75,000.

Defendant has shown by a preponderance of evidence that the amount in controversy exceeds the statutory threshold and that the Court has subject matter jurisdiction over the instant case. Plaintiff's Motion is **DENIED**.

  2.     <u>Attorney's Fees</u>

Plaintiff seeks attorney's fees of $4,050 incurred in opposing Defendant's removal and moving for remand, arguing that Defendant's "removal of the action was improperly predicated upon excessive front pay two years past the time of removal." (Mot. 14-15.) "[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Frankline Capital Corp*., 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the Court finds that the Defendant acted in good faith, and reasonably and correctly believed that Plaintiff's damages for lost wages, attorney's fees, and emotional distress exceeded $75,000. Thus, Plaintiff's request for attorney's fees is **DENIED**.

III. <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

IT IS SO ORDERED.